IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:10CR135 |
| | ) | |
| PHILLIP LEE KELLEY | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Upon the motion of the defendant, PHILLIP LEE KELLEY, by and through counsel, and with the agreement of the Government, by and through its counsel, it is hereby,

ORDERED pursuant to FED. R. CRIM. P. 16(a), that:

I. Discovery and Inspection

1. The Government shall disclose to the defendant and make available for inspection, copying or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to

interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

3. The Government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The Government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

5. The government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705, FEDERAL RULES OF EVIDENCE, during its case in chief at trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

It is further ORDERED pursuant to FED. R. CRIM. P. 16(b), that upon Government compliance with the foregoing,

6. The defendant shall permit the Government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the Government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

8. The defendant shall disclose to the government a written summary of testimony the defendant intends to use under Rules 702, 703 and 705, FEDERAL RULES OF EVIDENCE, as evidence at trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

It is further ORDERED that if, prior to or during trial, a party discovers additional evidence or material which is subject to discovery or inspection under the ORDER, that party shall promptly notify the other party or his attorney or the Court of the existence of the additional evidence or material.

## II. FEDERAL RULES OF EVIDENCE 404(b)

It is further ORDERED that by 5 p.m. three business days before trial, the Government shall provide notice to the defendant, in accordance with FED. R. EVID. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce

at trial, except that, upon motion of the government and for good cause shown, the court may excuse such pretrial notice.

### III. Brady Material

It is further ORDERED that the Government shall comply with its obligations to produce any known exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

### IV. Jencks/Giglio Materials

It is further ORDERED that by 5 p.m. three business days prior to trial, the Government shall produce to the defendant the Jencks Act and Giglio materials for the witnesses who will testify in the Government's case in chief.

Counsel for the defendant may disclose the contents of said Jencks Act and Giglio materials to his client but may not provide his client with said documents or reproductions thereof.

All Jencks Act, Giglio materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the trial in the above-styled case.

It is further ORDERED pursuant to FED. R. CRIM. P. 26.2, that by 5 p.m. three business days prior to trial, the defendant, by and through his counsel, shall produce to the Government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

/s/
Claude M. Hilton
United States District Judge

Date: May 14, 2010
Alexandria, Virginia

WE ASK FOR THIS:

_____
Richard E. Cassell, Esq.
Counsel for Defendant


Neil H. MacBride
United States Attorney

BY:   _____
      Scott B. Nussbum
      Special Assistant United States Attorney